Case Number:  13 B 08875

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

IN RE:   Syed A. Imam )

                   Debtor )   Case Number:  13 B 08875

)

)   Chapter 13

)

)   Judge:  DONALD R. CASSLING

**F I L E D**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

**DEC 06 2018**

JEFFREY P. ALLSTEADT, CLERK
*INTAKE 1*

## NOTICE OF MOTION

TO:

*TO BAC HOME LOANS SERVICING*
*7105 CORPORATED: PYMT PROCESSING PTX B209*
*PLANO, TX 75024-1319*

| Mortgage Creditor : | Green Tree Servicing Creditor's Agent: |
|---|---|
| Green Tree Servicing LLC | McCalla Raymer Leibert Pierce, L.L.C. |
| PO Box 6172 | 1 North Dearborn St., #1200 |
| Rapid City, SD 57709-6172 | Chicago, 60602 *IL* |
| Chapter 13 Trustee | Office of the U.S. Trustee, Region 11 |
| Tom Vaughn | 219 S. Dearborn St.,  Room 873 |
| 55 E. Monroe St., Suite 3850 | Chicago, IL 60604 |
| Chicago, Illinois 60603 | |

PLEASE TAKE NOTICE that on *DEC 20th*, 2018 at *9:30 AM*

or soon thereafter as I may be heard, I shall appear before the Honorable Judge DONALD R. CASSLING in room 619,  in the Dirksen Federal Building, 219 S. Dearborn, Chicago, IL 60604.

## PROOF OF SERVICE
## DECLARATION UNDER PENALTY OF PERJURY

I, Syed Imam, declare, under penalty of perjury, that I have personally mailed a copy of the foregoing Notice of Motion, and the attached Motion to the parties mentioned above by first class mail, postage paid, on this *DEC 6th* day of December 2018.

December *12/6/* 2018
Date

Syed Imam,   Pro Se
Assoc. American Institute of Architects
Debtor
701 S. Wells St. #1604
Chicago, IL 60607

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

IN RE:   Syed A. Imam                      )
                            Debtor          )   Case Number: 13 B 08875
                                            )   Chapter 13
         Ditech Financial L.L.C.            )
         F.K.A.  Green Tree Servicing LLC   )
                            Creditor        )
                                            )
                                            )   Judge:  DONALD R. CASSLING
                                            )
                                            )

**FILED**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

DEC 06 2018

JEFFREY P. ALLSTEADT, CLERK
INTAKE 1

## DEBTOR'S MOTION TO DISMISS CREDITOR'S RESPONSE TO NOTICE OF FINAL CURE PAYMENT

Now comes Syed A. Imam, Pro Se (herein referred to as "Debtor") files this Motion to dismiss claim of post-petition remaining dues and moves this Honorable Court to dismiss based on facts thereof states:

### I.   Debtor's Mortgage Payments Were Not Credited Fully

1. It appears that the creditor claim as indicated in Part 3 Post-petition Mortgage Payment on the Form 4100R Response to Notice of Final Cure Payment grossly misrepresent the events, circumstances and or payments made by the Debtor.  Debtor needs clarification and further information regarding his mortgage payment standing.

2. Debtor resides and has been maintaining a primary residency at the property since 2003 (15 years) where the mortgage is tied to. It appears the mortgage Note agreement has changed hands at least three times during the course of mortgage duration thus far. Debtor believe, he

is current in the mortgage payment and paid all agreed payment to the court appointed

Trustee, Tom Vaughn office, since the start of filing the bankruptcy in 2013 (5 years).

3. The Trustee office has issued a Notice of Final Cure Payment on November 1, 2018.

4. Debtor was told during the course of bankruptcy that no payment is due while in the

bankruptcy as well as indicated on the monthly Ditech mortgage previous statements and

regardless, Debtor believes, he has made payments to fulfill his obligations.


## II.        Debtor's Financial Strategy


5. Debtor financial strategy or restructuring is to gain enough financial strength by the end of the

bankruptcy to sustain himself well and be able pay the current and future debts which will be

increasing after the discharge date of the bankruptcy.


## III.        Home Mortgage Loan Modification


6. Debtor has been trying to get Home Affordable Modification Program (HAMP), a

government plan, from Ditech Financial L.L.C., the servicer (formally known as Green Tree

Services) and the original Note holder Bank of America which the bank did not offer even

though the Debtor has made successful trial period payments.  Instead the bank offered the

Debtor in-house "streamed lined modification" with high interest rate, increased in loan

terms and increased in the mortgage payments.

7. The creditor has failed to extend the approved Modified Loan as indicated in the Loan

Modification Clarity Commitment on October 5, 2011 and the HAMP program guidelines or

did not offer other programs to Debtor like Home Affordable Refinance Program (HARP).

The payment structure should have re-structured per the modified loan plan with the reduced

interest rate 2.5% for 5 years than to 3.5% for 6 years than to 4.0% for the remaining of the

term as indicated in the Home Affordable Modification (HAMP) Agreement. The account

should be credited accordingly (Exhibit 1, page 4 of 11).

8. Debtor has made mortgage payments to the Creditor from June, 2015 through September,

2015 mortgage payments totaling in the amount of $8,614.37 as illustrated on the cancelled

checks (Exhibit 2). This payment is not accounted for in the Creditor's post-petition payment

worksheet.

9. Debtor is seeking refund amount which Debtor has over paid with the higher interest of

7.25% and to remove added frivolous amount to the loan.

## IV.    Discredited Payment Amount-Due to Debtor

10. Debtor is exemplarily in meeting his payment obligations to the Court appointed Trustee and

has been fulfilling his obligation to pay the Trustee for 5 years duration according to the

bankruptcy plan. The Creditor has not kept a separate accounting ledger of the Trustee and

Debtor's payment on the monthly statements. The payments amount is comingled on the

statements and it is difficult for an ordinary consumer to keep track of it. The legitimate

payments which is not accounted for on the Creditor's Post Petition Worksheet and certain

full and or partial payments was not posted on the Debtor's account. (Exhibit 3).

11.    It appears the Creditor lacks the financial transparency, generally accepted truth in lending

practices, specially dealing with disadvantaged consumers and can be construed as a

predatory lending practice.

### V.    Debtor's Account Resolve

12. To resolve the issue of payment and get all the true status, Debtor is requesting following information and action from the Creditor:

13. Provide payment history of Debtor, since the inception of the mortgage payment.

14. Provide a detailed accounting and amortization of the debt, an itemization debt, method of monthly and annual calculation of interest and principal balance in a legible form.

15. Provide payoff and the total balance amounts.

16. Adjust the interest rate and balance per the previous loan modification. Provide credit for access interest payment from October 1, 2011 through current billing cycle and change the monthly principle and interest for future payments as per the modification terms listed on the page 4 of 11 in the agreement (Exhibit 1).

17. Provide credit for payments made by the Creditor in the amount of $28,256.18 (Exhibit 3).

18. Provide total principle charged and paid, since the filing of bankruptcy with calculation example in a legible form.

19. Provide total interest charged and paid, since the filing of the bankruptcy with calculation example in a legible form.

20. Put Debtor name on the mortgage as the Borrower, as indicated on the original Mortgage. (Exhibit 4). Address the Debtor full name on mail, statements and creditor's online website.

21. Remove of the M. Imam from the mortgage account, as indicated on the quit-claim deed and the agreement (Exhibit 5).

22. Debtor has recently enrolled in online payment on the Creditor's website and not all

    electronic payments or pending are not listed on the Creditor's Post-Petition Worksheet

    (Exhibit 6).

23. Refinance the mortgage under debtor name from high 7.25% to an acceptable lower

    percentage as it is given ordinarily in the current market and if cannot refinance than lower it

    anyway.

24. Be kind and recognize when the Debtor call or contact the creditor's customer service or

    office as a mortgagor as indicator on the original mortgage documents (Exhibit 4).

25. Remove Debra V. Levine as my attorney from this case due to the fact she is not practicing

    law, since her license was suspended for three years in 2017. All related documents

    pertaining to this case and mortgage should be sent to the Debtor provided address below.

WHEREFORE, Debtor Syed Imam prays that this Honorable Court move to dismiss Creditor's
claim of unpaid post-petition account and reflect the Final Cure Payment of the Chapter 13 case
complete.

Most Respectfully Submitted,

_____

Syed A. Imam, Pro Se, Debtor

701 S. Wells St.
#1604
Chicago, IL 60607

**Property Address**
MEHMOODA M IMAM
701 SOUTH WELLS STREET #1604
CHICAGO, IL 60607

**Bank of America** ➤ Home Loans

Notice Date: 10/05/2011
Loan No: 38113505

## Loan Modification
## CLARITY COMMITMENT ®

Thank you for working with Bank of America, N.A. on your current mortgage needs and for making your trial period mortgage payments.  This summary is intended to be a clear and simple description of the final loan modification that we are pleased to offer you.  The loan modification is intended to help you with your current needs, and to put you in a better position to meet your loan obligation.  Once you sign and return the enclosed Modification Agreement, you will have agreed to the new permanent loan modification.  Please thoroughly review all the materials in the enclosed package to ensure you understand the details of this new agreement.

### Summary of Your Modified Loan

Your new loan balance is **$230,869.84**. Past due interest in the amount of **$18,017.31**, and taxes and insurance in the amount of **$3,450.40** totaling **$21,467.71** have been added to your principal balance to calculate this new loan balance. Unpaid late fees are not included in this amount and will be waived when your loan modification is finalized.

The current interest rate of 7.250% is changing to 2.500% for the first 5 years of your modified loan. This rate will increase as shown in the section below.

Your final payment date, which is your existing maturity date, is 10/01/2033.

### Your New Mortgage Payments

Your new total modified monthly mortgage payments of **$1,530.26** are made up of principal and interest of **$1,137.81** and an initial escrow amount of **$392.45**.  Escrow payments are collected for payment of items such as property taxes and insurance and may change. We will notify you of any adjustments to the total monthly payment.

Your total monthly payments will be due on the 1st of the month starting the 1st day of November, 2011.

Your interest rate will adjust to slowly bring your rate to 4.000% and your total monthly payments to **$1,667.86**, as shown in the schedule below.  The amount of these payments will change if your escrow payment amount changes.

- Years 1 – 5, beginning November 1, 2011,  the interest rate will be 2.500% with a total monthly payment of **$1,530.26**
- Year 6, beginning November 1, 2016, the interest rate will be 3.500% with a total monthly payment of **$1,622.61**
- Years 7– 22, beginning November 1, 2017, the interest rate will be 4.000% with a total monthly payment of **$1,667.86**

**If you have questions regarding the Modification Agreement or the steps you must take to complete this process, contact us at 1.800.669.6650 to speak with one of our home retention associates.**

EX·1

C3_40E

**Summary of your Modification**

**NEW PRINCIPAL BALANCE.** Any past due amounts as of the end of the trial period, including unpaid interest, real estate taxes, insurance premiums, and certain assessments paid on your behalf to a third party, will be added to your mortgage loan balance. In addition, your mortgage insurance premium may increase as a result of the higher mortgage loan balance. **If you fulfill the terms of the trial period including, but not limited to, making any remaining trial period payments, we will waive ALL late charges that have accrued and remain unpaid at the end of the trial period.**

**INTEREST RATE.** The interest rate on your modified loan will be adjusted as noted in the attached Modification Agreement in Section 3.C.

**ESCROW ACCOUNT.** The terms of your Modification Agreement require the servicer to set aside a portion of your new monthly payment in an escrow account for payment of your property taxes, insurance premiums and other required fees. Any prior waiver of escrows by your lender is no longer in effect. Bank of America, N.A. will draw on this account to pay your real estate taxes and insurance premiums as they come due. Please note that your escrow payment amount will adjust if your taxes, insurance premiums and/or assessment amounts change, so the amount of your monthly payment that Bank of America, N.A. must place in escrow will also adjust as permitted by law. This means that your monthly payment may change. Your initial monthly escrow payment will be $392.45. This amount is included in the loan payment noted in Section 3.C. of the enclosed Modification Agreement; you do not need to remit this amount separately.

**ESCROW SHORTAGE.** Due to the timing of your tax and insurance payments, we have determined that there is a shortage of funds in your escrow account in the amount of $936.37. You may pay this amount over a 5-year (60 month) period. This monthly payment has already been included in the monthly escrow payment stated above. **If you wish to pay the total shortage now in a lump sum, please contact us. Paying this amount now in a lump sum will reduce your new monthly mortgage payment.** Bank of America, N.A. may include alternative provisions to deal with an escrow shortage in accordance with applicable law.

**PAYMENT SCHEDULE.** The enclosed Modification Agreement includes a payment schedule in Section 3.C. showing your payment plan for the life of your modified loan after the trial period.

**FEES.** There are no fees or other charges for this modification.

**REPRESENTATIONS.** Please read the enclosed Modification Agreement carefully and make sure that you understand it and that the statements set forth in the "My Representations" section are true and accurate. If you have any questions, please contact us at 1.800.669.6650.



---

**Home Affordable Modification Agreement (Servicer Copy 1)**

Investor Loan #      0406169284527860607

**After Recording Return To:**
Bank of America, N.A.
Attn: Home Retention Division
100 Beecham Dr., Ste 104 HRM
Pittsburgh, PA 15205

This document was prepared by Bank of America, N.A.

_____[Space Above This Line For Recording Data]_____

# HOME AFFORDABLE MODIFICATION AGREEMENT

Borrower ("I")[1]: MEHMOODA M IMAM
Original Lender/Beneficiary Lender or Servicer ("Lender"): Bank of America, N.A.
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note
("Note"): September 16, 2003
Loan Number: 04063811350560607
Property Address *(See Exhibit A for Legal Description if applicable)*
("Property"): 701 SOUTH WELLS STREET #1604, CHICAGO, IL 60607
See Exhibit B for assignments of record if applicable

_____

1. If more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** –Single Family – **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**                    **Form 3157**
  3/09   (rev. 8/09) *(page 1 of 11 pages)*



HMP-46004                                                        8116  08/09

MERS: '100015700029436561

"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS.

If my representations and covenants in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage.   The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents."  Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement.  This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.          **My Representations and Covenants**.  I certify, represent to Lender, covenant and agree:

  A.  I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

  B.  One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;

  C.  There has been no impermissible change in the ownership of the Property since I signed the Loan Documents.  A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

  D.  I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification program ("Program"));

  E.  Under penalty of perjury, all documents and information I have provided to

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** –Single Family– **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
3/09  (rev. 8/09) *(page 2 of 11 pages)*                                          **Form 3157**



HMP-46004                                                                    8116  08/09

Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

F.  If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

G.  I have made or will make all payments required under a trial period plan.

2.  **Acknowledgements and Preconditions to Modification.**  I understand and acknowledge that:

A.  If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate.  In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B.  I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred.  I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.  **The Modification**.  If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on November 01, 2011 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect.  The first modified payment will be due on November 01, 2011.

A.  The Maturity Date will be: October 1, 2033.

B.  The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $230,869.84 (the "New Principal Balance").  I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT –Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**                                                                 **Form 3157**
3/09  (rev. 8/09) *(page 3 of 11 pages)*

HMP-46004



8116  08/09

accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. Interest at the rate of 2.500% will begin to accrue on the New Principal Balance as of October 01, 2011 and the first new monthly payment on the New Principal Balance will be due on November 01, 2011. My payment schedule for the modified loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|-------|---------------|---------------------------|-----------------------------------|--------------------------------|------------------------|-------------------|----------------------------|
| 1-5   | 2.500%        | October 01, 2011          | $1,137.81                         | $392.45 May adjust periodically | $1,530.26 May adjust periodically | November 01, 2011 | 60  |
| 6     | 3.500%        | October 01, 2016          | $1,230.16                         | May adjust periodically        | May adjust periodically | November 01, 2016 | 12  |
| 7-22  | 4.000%        | October 01, 2017          | $1,275.41                         | May adjust periodically        | May adjust periodically | November 01, 2017 | 192 |

* The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** –Single Family – Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**
3/09  (rev. 8/09) *(page 4 of 11 pages)*                                    **Form 3157**

HMP-46004



8116  08/09

4.   **Additional Agreements**. I agree to the following:



A.   That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B.   That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C.   To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.   That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E.   That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F.   That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G.   That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT –Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**                                    **Form 3157**
3/09  (rev. 8/09) *(page 5 of 11 pages)*

HMP-46004                                                                8116  08/09

than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H.    That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I.    That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J.    That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I also agree to allow Lender to attach an Exhibit A to this loan modification which will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

K.    That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification program.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** –Single Family – **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**                                                    **Form 3157**
3/09  (rev. 8/09) *(page 6 of 11 pages)*



HMP-46004                                                                                        8116  08/09

L.  Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M.  That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity.   In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N.  That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O.  If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**                                                          **Form 3157**
    3/09   (rev. 8/09) *(page 7 of 11 pages)*

HMP-46004

8116  08/09

P. (BORROWERS PROTECTION PLAN) If I have a Loan with Borrowers Protection Plan® ("BPP") under my Loan Documents, then I understand and agree that, unless I notify Lender of my request to cancel BPP or my BPP has already been cancelled or terminated in accordance with its terms, my BPP will remain on my Loan, as modified in accordance with this Agreement, and will continue to be governed by the terms of my Borrowers Protection Plan Addendum, which is the contract containing the terms and conditions of BPP that I received at closing of my original Loan.

I understand that I may cancel BPP at any time by calling 1-866-554-2676. If I notify the Lender of my request to cancel BPP within sixty (60) days after the Modification Effective Date, I will receive a refund of any BPP fees I pay with respect to any period after the Modification Effective Date. I further understand that BPP on my Loan may have already been cancelled or terminated by its terms, such as if any monthly fee for BPP has remained unpaid 90 days after its due date.

For purposes of my modified Loan, the "Monthly Payment" under the Borrowers Protection Plan Addendum will be the monthly payment of principal and/or interest as modified under this Agreement. With the exception of BPP benefits based on the outstanding balance of my Loan (if any), benefits under the BPP on my modified Loan will be calculated based on this new Monthly Payment amount, subject to the terms of the Borrowers Protection Plan Addendum.

For purposes of my modified Loan, the monthly fee for BPP, which is the monthly amount charged to me for BPP, will be recalculated based on the percentage set forth in my Borrowers Protection Plan Addendum (or Borrowers Protection Plan Confirmation Letter, as applicable). I understand that the monthly fee for BPP, as a percentage of my monthly payment of principal and/or interest as modified under this Agreement, may be higher if the monthly payment under my modified Loan is or becomes higher than the monthly payment that was due on my Loan prior to modification under this Agreement. The monthly fee for BPP will be payable at the same time and place as payments of principal and/or interest under my modified Loan. The "Protection Date" under the Borrowers Protection Plan Addendum, which is the date upon which my BPP became effective, and the "Expiration Date" under the Borrowers Protection Plan Addendum, which is the date upon which my BPP will automatically expire, will not be changed by this Agreement. I will refer to my Borrowers Protection Plan Addendum for complete terms and conditions of my BPP.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** – Single Family – **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**  **Form 3157**
3/09  (rev. 8/09) *(page 8 of 11 pages)*

HMP-46004



8116  08/09

If I have experienced a qualifying event that is eligible for benefits under BPP, I should contact Bank of America immediately by calling 1-866-317-5116.

Q.  (OPTIONAL PRODUCTS PURCHASED AFTER CLOSING) I understand and agree that any optional product(s) I may have purchased after the closing of my Loan, the cost for which I agreed to have added to my Total Monthly Payment: (a) will remain in force so long as I add the amount due and owing to my Total Monthly Payment each month; and (b) will continue to be governed by the terms of the documents the provider of the optional product delivered to me ("Governing Documents"), unless (i) I notify the provider of the optional product of my request to cancel; or (ii) I fail to pay any and all amounts payable when due, at which time the optional product may terminate as provided under the terms of the Governing Documents. I understand that if I have questions regarding any optional product(s) I may have purchased, I should contact Bank of America by calling 800-641-5298.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** –Single Family – Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**
3/09  (rev. 8/09) *(page 9 of 11 pages)*                                    **Form 3157**



HMP-46004                                                                      8116  08/09

In Witness Whereof, The Lender and I have executed this Agreement.



MEHMOODA M IMAM

10-22-2011
Date

10/22/2011
Date

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT –Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
**3/09  (rev. 8/09)** *(page 10 of 11 pages)*                                   **Form 3157**

HMP-46004

8116  08/09





## FIFTH THIRD BANK

| | | | |
|---|---|---|---|
| Amount: | $2157.85 | Date Posted: | 08/26/2015 |
| Account Number: | null CHECKING XXXXXX3607 | | |



SYED A. IMAM  01-14

1099

Au 20, 2015

Pay to the Order of   GREEN TREE L.L.C.   $ 2157.85

TWO THOUSAND ONE HUNDRED FIFTY SEVEN & 85/100 Dollars

FIFTH THIRD BANK

For  LAST (3rd) TRIAL PERIOD





## FIFTH THIRD BANK

| | | | |
|---|---|---|---|
| Amount: | $2140.82 | Date Posted: | 09/15/2015 |
| Account Number: | null CHECKING XXXXXX3607 | | |



SYED A IMAM  01-14

1100

Sept. 8 2015

Pay to the Order of: GREEN TREE LLC    $ 2,140.82

Two thousand one hundred forty and 82/100    Dollars

FIFTH THIRD BANK

For _____

000600 057 091415 0682    BNYMELLON
8870247070    CHI    CRED TO PAYEE
9008-7652/94710    ABS END GUAR
091415 070467 057 140




**FIFTH THIRD BANK**

---

| Amount: | $2157.85 | Date Posted: | 07/16/2015 |
|---|---|---|---|
| Account Number: | null CHECKING XXXXXX3607 | | |

---



SYED A. IMAM  01-14                                           1098

EX          JULY 12, 2015
                                                    Date

Pay to the
Order of  GREEN TREE SERVICE              $ 2,157.85

Two thousand one hundred fifty seven 85/100  Dollars

FIFTH THIRD BANK

For  Trial Period Payment #2

1098

099649 018 071515 0682     BNYMELLON
2247070   CHI     CRED TO PAYEE
008-7652/94710          ABS END GUAR
515 566764 018 038



## FIFTH THIRD BANK

| | | | |
|---|---|---|---|
| Amount: | $2157.85 | Date Posted: | 07/01/2015 |
| Account Number: | null CHECKING XXXXXX3607 | | |



## EXHIBIT-3

| DATE | PAYMENT NOT CREDITED |
|------|----------------------|
| 02-16-2016 | $1,926.78 |
| 01-15-2016 | $1,926.78 |
| 12-13-2015 | $1,926.78 |
| 11-12-15 | $1,926.78 |
| 10-15-2015 | $1,926.78 |
| 09-11-15 | $2,140.82 |
| 09-08-15 | $2,140.82 |
| 08-23-2015 | $2,157.85 |
| 08-20-2015 | $2,157.85 |
| 08-02-15 | $14.80 |
| 07-14-2015 | $1,369.57 |
| 07-12-15 | $2,157.85 |
| 07-03-15 | $797.45 |
| 06-29-2015 | $966.26 |
| 06-29-2015 | $403.31 |
| 06-29-2015 | $394.14 |
| 06-26-2015 | $2,157.85 |
| 04-03-15 | $603.03 |
| 03-04-15 | $1,160.68 |
| *TOTAL* | *$28,256.18* |

# MONTHLY INFORMATIONAL STATEMENT



**ditech**
a Walter company

PO Box 6172
Rapid City, SD 57709-6172

| | |
|---|---|
| Account # | 820247070 |
| Billing Date: | 03/15/2016 |
| Unapplied Funds Balance: | |

**NEXT PAYMENT DUE DATE: 04/01/2016**
Current Payment:
Past Due Payment:
Insurance Due:
Additional Charges Due:
Billed Late Charges:
**Total Amount Due:**

#BWNKDVR
#IGBHGNDO8#

+ 0620607 000203422 09GT04-055838-P8
MEHMOODA M IMAM

---

## GENERAL INFORMATION

**CORRESPONDENCE ADDRESS**
Send inquiries (not payment) with your account number to
Ditech
PO Box 6172
Rapid City, SD 57709-6172

**CUSTOMER SERVICE**
For account information
Phone # 1-800-643-0202

Mon - Fri 7AM - 8PM CST
Saturday 7AM - 1PM CST
www.ditech.com

Telephone calls may be monitored or recorded for quality assurance and training purposes.

**REMITTANCE ADDRESS**
Ditech
PO Box 94710
Palatine, IL 60094-4710

**SEE REVERSE SIDE FOR ADDITIONAL CONTACT AND OTHER INFORMATION**

\*0047G2\*

## IMPORTANT MESSAGES

**THIS IS NOT A BILL THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY. PLEASE PAY THE BANKRUPTCY TRUSTEE OR DITECH DIRECTLY, ACCORDING TO THE TERMS OF YOUR BANKRUPTCY PLAN.**

**Your account representative is Anna W. at 1-800-643-0202, extension 65902.**

**YOUR TOTAL PRINCIPAL PAID IN 2015 WAS $ 2,736.19.**
**YOUR TOTAL INTEREST PAID IN 2015 WAS $ 10,859.61.**

## ACCOUNT INFORMATION SINCE LAST STATEMENT

| Date | Description | Charges | Payments |
|---|---|---|---|
| 03/02/2016 | Payment | | 837.14 |
| 03/02/2016 | Payment | | 1,782.15 |
| 02/16/2016 | Payment Received - Thank You | | 1,926.78 |






SC03B4-000

---

Detach and return this portion with remittance

**ditech**
a Walter company

**ACCOUNT NUMBER**
820247070

Due Date: 04/01/2016
Total Due:

EQUAL HOUSING LENDER

**THIS IS NOT A BILL. THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY.**
PLEASE PAY THE BANKRUPTCY TRUSTEE OR DITECH DIRECTLY, ACCORDING TO THE TERMS OF YOUR BANKRUPTCY PLAN.

*EX. 3*
*(cont'D)*


Mehmooda M Imam

DITECH
PO BOX 94710
PALATINE, IL 60094-4710



82024707 0   00155482      0000000000

# MONTHLY INFORMATIONAL STATEMENT

**ditech**
a Walter company

Account Information

| | |
|---|---|
| Account # | 820247070 |
| Billing Date: | 02/15/2016 |
| Unapplied Funds Balance: | |

#BWNKDVR
#IGBHGNDO8#

+ 0611513 000205866 096T04-055836-P8

MEH████████ M IMAM
701 SOUTH WELLS ████
CHICAGO IL 60███ █████

**NEXT PAYMENT DUE DATE: 03/01/2016**
Current Payment:
Past Due Payment:
Insurance Due:
Additional Charges Due:
Billed Late Charges:
**Total Amount Due:**

## GENERAL INFORMATION

**CORRESPONDENCE ADDRESS**
Send inquiries (not payment) with your account number to
Ditech
PO Box 6172
Rapid City, SD 57709-6172

**CUSTOMER SERVICE**
For account information
Phone # 1-800-643-0202

Mon - Fri 7AM - 8PM CST
Saturday 7AM - 1PM CST
www.ditech.com

Telephone calls may be monitored or recorded for quality assurance and training purposes.

**REMITTANCE ADDRESS**
Ditech
PO Box 94710
Palatine, IL 60094-4710

**SEE REVERSE SIDE FOR ADDITIONAL CONTACT AND OTHER INFORMATION**

*004442*

## IMPORTANT MESSAGES

**THIS IS NOT A BILL. THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY. PLEASE PAY THE BANKRUPTCY TRUSTEE OR DITECH DIRECTLY, ACCORDING TO THE TERMS OF YOUR BANKRUPTCY PLAN.**

**Your account representative is Anna W. at 1-800-643-0202, extension 65902.**

**YOUR TOTAL PRINCIPAL PAID IN 2015 WAS $ 2,736.19.**
**YOUR TOTAL INTEREST PAID IN 2015 WAS $ 10,859.61.**

## ACCOUNT INFORMATION SINCE LAST STATEMENT

| Date | Description | Charges | Payments |
|---|---|---|---|
| 02/05/2016 | Esc Disb-County | -1,963.64 | |
| 02/05/2016 | Esc Disb-County | -271.02 | |
| 02/05/2016 | Payment | | |
| 01/15/2016 | Payment | | |

 

Detach and return this portion with remittance

**ditech**
a Walter company

**ACCOUNT NUMBER**
████████7070

**Due Date:** 03/01/2016
**Total Due:**

EQUAL HOUSING LENDER

**THIS IS NOT A BILL. THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY. PLEASE PAY THE BANKRUPTCY TRUSTEE OR DITECH DIRECTLY, ACCORDING TO THE TERMS OF YOUR BANKRUPTCY PLAN.**



DITECH
PO BOX 94710
PALATINE, IL 60094-4710

82024707 0   00155482      0000000000

 ditech®
a Walter company

PO Box 6172
Rapid City, SD 57709-6172

**MONTHLY INFORMATIONAL STATEMENT**

**Account Information**

| | |
|---|---|
| Account # | 820247070 |
| Billing Date: | 01/15/2016 |
| Unapplied Funds Balance: | |

#BWNKDVR
#IGBHGNDO8#

+ 0603674 000000503 04DTY2-056051-P8

**NEXT PAYMENT DUE DATE: 02/01/2016**

| | |
|---|---|
| Current Payment: | |
| Past Due Payment: | |
| Insurance Due: | |
| Additional Charges Due: | |
| Billed Late Charges: | |
| **Total Amount Due:** | |

---

**CORRESPONDENCE ADDRESS**
Send inquiries (not payment) with your
account number to
Ditech
PO Box 6172
Rapid City, SD 57709-6172

**CUSTOMER SERVICE**
For account information
Phone # 1-800-643-0202

Mon - Fri 7AM - 8PM CST
Saturday 7AM - 1PM CST

www.ditech.com

Telephone calls may be monitored or
recorded for quality assurance and
training purposes.

**REMITTANCE ADDRESS**
Ditech
PO Box 94710
Palatine, IL 60094-4710

**SEE REVERSE SIDE FOR
ADDITIONAL CONTACT AND
OTHER INFORMATION**

**IMPORTANT MESSAGES**

**THIS IS NOT A BILL THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY.
PLEASE PAY THE BANKRUPTCY TRUSTEE OR DITECH DIRECTLY, ACCORDING TO
THE TERMS OF YOUR BANKRUPTCY PLAN.**

**Your account representative is Anna W. at 1-800-643-0202, extension 65902.**

**YOUR TOTAL PRINCIPAL PAID IN 2015 WAS $ 2,736.19.
YOUR TOTAL INTEREST PAID IN 2015 WAS $ 10,859.61.**

**ACCOUNT INFORMATION SINCE LAST STATEMENT**



| Date | Description | Charges | Payments |
|---|---|---|---|
| 07/02/2015 | Payment | | 1,926.78 |
| 07/15/2015 | Payment | | 1,926.78 |
| 11/02/2015 | Payment | | 1,926.78 |
| 11/02/2015 | Payment | | 1,190.09 |




See additional transaction history on next page

*S04180*

---

Detach and return this portion with remittance

 ditech®
a Walter company

**ACCOUNT NUMBER**
070

**Due Date:** 02/01/2016
**Total Due:**

EQUAL HOUSING LENDER

**THIS IS NOT A BILL. THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY.
PLEASE PAY THE BANKRUPTCY TRUSTEE OR DITECH DIRECTLY. ACCORDING TO THE TERMS OF YOUR
BANKRUPTCY PLAN.**

 mam

DITECH
PO BOX 94710
PALATINE, IL 60094-4710

82024707 0    00155482    0000000000

# green tree

relationships that work

Case 09-04875 Doc 101 PO Filed 12/06/18 Entered 12/07/18 09:28:13 Desc Main
Rap Document 09-6 Page 27 of 36

**MONTHLY INFORMATIONAL STATEMENT**
Account Information

Account # _____070
Billing Date: 08/15/2015

**NEXT PAYMENT DUE DATE: 09/01/2015**
Current Payment:
Past Due Payment:
Insurance Due:
Additional Charges Due:
Billed Late Charges:
**Total Amount Due:**

0574044 000237743 09GT22-057520-057520-P2P6
_____MAM

## Continued from previous page

| Date | Description | Charges | Payments |
|------|-------------|---------|----------|
| 07/15/2015 | Escrow Payment Reversal | | |
| 07/14/2015 | Payment | -394.14 | 394.14 |
| 07/14/2015 | Payment | | 1,369.57 |
| 07/14/2015 | Payment | | 1,763.71 |
| 07/14/2015 | Escrow Payment | | 394.14 |
| 07/14/2015 | Escrow Payment | | 394.14 |
| 07/14/2015 | Payment Reversal | | |
| 07/03/2015 | Escrow Payment | -1,763.71 | |
| 07/03/2015 | Payment | | 394.14 |
| 07/03/2015 | Payment Reversal | | 797.45 |
| 07/02/2015 | Escrow Payment Reversal | -1,191.59 | |
| 06/29/2015 | Payment Reversal | -394.14 | |
| 06/29/2015 | Escrow Payment | -1,763.71 | |
| 06/29/2015 | Payment | | 394.14 |
| 06/29/2015 | Payment | | 394.14 |
| 06/29/2015 | Payment | | 966.26 |
| 06/05/2015 | Payment | | 403.35 |
| 06/05/2015 | Payment Reversal | | 951.46 |
| 04/06/2015 | Payment | -951.46 | |
| 04/06/2015 | BK Adjustment | | |
| 04/03/2015 | BK Adjustment | -1,554.82 | 1,554.82 |
| 04/03/2015 | Payment | -828.36 | |
| 04/03/2015 | Payment | | 828.36 |
| 04/03/2015 | BK Adjustment | | 603.05 |
| 03/04/2015 | Payment | -726.46 | |
| 03/04/2015 | Escrow Payment | | 123.43 |
| 03/04/2015 | BK Adjustment | | 30.91 |
| 03/04/2015 | Payment | -1,191.59 | |
| 03/04/2015 | Escrow Payment | | 1,160.68 |
| 03/04/2015 | BK Adjustment | | 363.23 |
| 01/12/2015 | BK Adjustment | -363.23 | |
| 01/12/2015 | BK Adjustment | | 29,583.71 |
| 01/12/2015 | Escrow Payment Reversal | | 7,731.97 |
| 01/12/2015 | Payment Reversal | -2,227.40 | |
| 01/12/2015 | BK Escrow Adjustment | -37,315.68 | |
| | | | 2,227.40 |

*484542*



**ditech** ®

a Walter company

PO Box 6172
Rapid City, SD 57709-6172

**MONTHLY INFORMATION STATEMENT**

Account Information

Account #                          070
Billing Date:                      01/15/2016

**NEXT PAYMENT DUE DATE: 02/01/2016**

Current Payment:
Past Due Payment:
Insurance Due:
Additional Charges Due:
Billed Late Charges:
**Total Amount Due:**

0603674 000000503 0 DTY2-056051-056051-P8

## Continued from previous page

| Date | Description | Charges | Payments |
|------|-------------|---------|----------|
| 10/15/2015 | Payment | | 1,926.78 |
| 10/02/2015 | Payment | | 1,221.59 |
| 09/11/2015 | Payment | | 2,140.82 |
| 09/02/2015 | Payment | | 1,221.59 |
| 08/23/2015 | Payment | | 2,157.85 |
| 08/05/2015 | Escrow Payment Reversal | | |
| 08/05/2015 | Neg True Escrow | -9,817.95 | 9,817.95 |
| 07/01/2015 | Escrow Payment Reversal | -368.30 | |
| 07/01/2015 | Escrow Shortage | | 368.30 |



*C041OO*

relationships that work

# green tree

PO Box 6172
Rapid City, SD 57709-6172

## MONTHLY INFORMATIONAL STATEMENT

### Account Information

| | |
|---|---|
| Account # | 7070 |
| Billing Date: | 08/15/2015 |

**NEXT PAYMENT DUE DATE: 09/01/2015**

Current Payment:
Past Due Payment:
Insurance Due:
Additional Charges Due:
Billed Late Charges:
**Total Amount Due:**

#BWNKDVR
#IGBHGNDO8#

\* 0574044 000237743 09GT22-057520-P2P6

---

## GENERAL INFORMATION

**CORRESPONDENCE ADDRESS**
Send inquiries (not payment) with your
account number to
Green Tree
PO Box 6172
Rapid City, SD 57709-6172

**CUSTOMER SERVICE**
For account information
Phone # 1-800-643-0202
Mon - Fri 7AM - 8PM CST
Saturday 7AM - 1PM CST

www.gtservicing.com

Telephone calls may be monitored or
recorded for quality assurance and
training purposes.

**REMITTANCE ADDRESS**
Green Tree
PO Box 94710
Palatine, IL 60094-4710

**SEE REVERSE SIDE FOR
ADDITIONAL CONTACT AND
OTHER INFORMATION**

### IMPORTANT MESSAGES

**THIS IS NOT A BILL. THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY.
PLEASE PAY THE BANKRUPTCY TRUSTEE OR GREEN TREE DIRECTLY, ACCORDING
TO THE TERMS OF YOUR BANKRUPTCY PLAN.**

**Your account representative is Anna W. at 1-800-643-0202, extension 65902.**

---




### ACCOUNT INFORMATION SINCE LAST STATEMENT

| Date | Description | Charges | Payments |
|---|---|---|---|
| 08/05/2015 | Neg True Escrow | -9,817.95 | |
| 08/05/2015 | Escrow Payment | | 9,817.95 |
| 08/02/2015 | Payment | | |
| 08/02/2015 | Payment | | |

See additional transaction history on next page




*K84500*

---

relationships that work

# green tree

Detach and return this portion with remittance

**ACCOUNT NUMBER**
7070

**Due Date:** 09/01/2015
**Total Due:**



**THIS IS NOT A BILL. THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY.
PLEASE PAY THE BANKRUPTCY TRUSTEE OR GREEN TREE DIRECTLY, ACCORDING TO THE TERMS OF YOUR
BANKRUPTCY PLAN.**


Chicago, IL 60607-4998

GREEN TREE
PO BOX 94710
PALATINE, IL 60094-4710

82024707 0  00155482    0000000000

EX-4

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
JEFFREY S. MACMILLAN
COUNTRYWIDE HOME LOANS, INC.

5613 ROUTE 14
CRYSTAL LAKE
IL 60014



Doc#:  0332233034
Eugene "Gene" Moore  Fee: $60.00
Cook County Recorder of Deeds
Date: 11/18/2003 08:05 AM Pg: 1 of 19

——————— [Space Above This Line For Recording Data] ———————

8171023
[Escrow/Closing #]                    [Doc ID #]

# MORTGAGE

MIN  1000157-0002943656-1

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated  SEPTEMBER 16, 2003  , together with all Riders to this document.

ILLINOIS - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

Page 1 of 16

VMP -6A(IL) (0010).02    CHL (07/02)(d)    VMP MORTGAGE FORMS - (800)521-7291
CONV/VA

Initials: M.I

Form 3014 1/01



*23991*





**(B) "Borrower"** is                              DOC ID #:

MEHMOODA M IMAM, AND SYED AHSAN IMAM, WIFE AND HUSBAND

Borrower is the mortgagor under this Security Instrument.

**(C) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(D) "Lender"** is

COUNTRYWIDE HOME LOANS, INC.

Lender is a CORPORATION

organized and existing under the laws of NEW YORK

Lender's address is

4500 Park Granada, Calabasas, CA 91302-1613

**(E) "Note"** means the promissory note signed by Borrower and dated   SEPTEMBER 16, 2003   . The Note states that Borrower owes Lender

TWO HUNDRED TWENTY SEVEN THOUSAND NINE HUNDRED TWENTY and 00/100

Dollars (U.S. $ 227,920.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than   OCTOBER 01, 2033   .

**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**(G) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☒ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

**(I) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(J) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(K) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(L) "Escrow Items"** means those items that are described in Section 3.

**(M) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)

-6A(IL) (0010).02   CHL (07/02)          Page 2 of 16          Initials: M.I S

Form 3014 1/01

EX. 5

## QUIT CLAIM DEED
ILLINOIS

Doc#: 1519062004 Fee: $64.00
RHSP Fee:$9.00 RPRF Fee: $1.00
Affidavit Fee: $2.00
Karen A.Yarbrough
Cook County Recorder of Deeds
Date: 07/09/2015 01:46 PM Pg: 1 of 3

*Above Space for Recorder's Use Only*

THE GRANTOR(s) ____**Mehmooda Imam**_____ of the City of CHICAGO, County of Harris, State of TEXAS for and in consideration of ___Zero (0.00)_____ DOLLARS, and other good and valuable considerations in hand paid, CONVEY(s) and QUIT CLAIM(s) to **Syed Ahsan Imam** of_____ **Chicago, Illinois** *60607* the following described Real Estate situated in the County of Cook in the State of Illinois to wit:

*See page 2 for legal description attached here to and made part hereof.,*

hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois.

SUBJECT TO: General taxes for and subsequent years; Covenants, conditions and restrictions of record, if any;
Permanent Real Estate Index Number(s):17-16-402-050-1056
Address(es) of Real Estate: **701 South Wells Street Unit1604**
**Chicago. Illinois, 60607**

The date of this deed of conveyance is ___6/15/15___

_(SEAL)_                                          _(SEAL)_

_(SEAL)_                                          _(SEAL)_

State of Texas, County of Harris. I, the undersigned, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that __Mehmooda Mansoor_____ personally known to me to be the same person(s) whose name(s) is(are) subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that he/she(they) signed, sealed and delivered the said instrument as his/her(their)free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

(Impress Seal Here)

NOTARY PUBLIC
CINDY LIZETH URRUTIA
My Commission Expires
October 11, 2016
STATE OF TEXAS

Given under my hand and official seal

Notary Public

My Commission Expires __October 11, 2016__

| City of Chicago<br>Dept. of Finance<br>**690996**<br>7/9/2015  12:55<br>356006 | Real Estate<br>Transfer<br>Stamp<br>**$0.00**<br>Batch 10,178,558 |
|---|---|

**LEGAL DESCRIPTION**

1

SM

## LEGAL DESCRIPTION

For the premises commonly known as:

### COUNTY of COOK

PARCEL 1: UNIT 1604 AND P27 IN THE WELLS STREET TOWER CONDOMINIUM AS DELINEATED ON A SURVEY OF THE FOLLOWING DESCRIBED REAL ESTATE: PARTS OF BLOCK 101 AND 102 IN SCHOOL SECTION ADDITION TO CHICAGO IN SECTION 16, TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN; WHICH SURVEY IS ATTACHED AS AN EXHIBIT TO THE DECLARATION OF CONDOMINIUM RECORDED AS DOCUMENT NUMBER 0020484524 TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS, ALL IN COOK COUNTY, ILLINOIS. PARCEL 2: NON-EXCLUSIVE EASEMENTS FOR THE BENEFIT OF PARCEL 1 FOR INGRESS, EGRESS, USE, ENJOYMENT AND SUPPORT AS CREATED BY DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND RECIPROCAL EASEMENTS RECORDED AS DOCUMENT NUMBER 0020484523.

Parcel ID Number: 17164020160000
Property Index Numbers (PIN): Unit 1604: ~~[redacted]~~, Parking P27: ~~[redacted]~~

Which currently has the address of

~~[redacted]~~ STREET ~~[redacted]~~, CHICAGO ILLINOIS, ~~[redacted]~~

This instrument was prepared by: Copy from City of Chicago

Send subsequent tax bills to:    **Current Loan service provider Green Tree Servicing LLC. P.O. Box 6172, Rapid City, SD 57709-6172.**

**Recorder-mail recorded document to:** ~~[redacted]~~. Wells St.  #1604, Chicago, IL ~~[redacted]~~

2

## STATEMENT BY GRANTOR AND GRANTEE

The **grantor** or his agent affirms that, to the best of his knowledge, the name of the **grantee** shown on the deed or assignment of beneficial interest in a land trust is either a natural person, an Illinois corporation or foreign corporation authorized to do business or acquire and hold title to real estate in Illinois, a partnership authorized to do business or acquire and hold title to real estate in Illinois, or other entity recognized as a person and authorized to do business or acquire title to real estate under the laws of the State of Illinois.

Dated ___6/29/15___ , 20_15_

Signature: _____

Grantor or Agent

Subscribed and sworn to before me
By the said _Mehmood Mansoor_
This _29_ day of _June_ , 20_15_
Notary Public _____

NANCY GARCIA
My Commission Expires
January 5, 2017

The **grantee** or his agent affirms and verifies that the name of the **grantee** shown on the deed or assignment of beneficial interest in a land trust is either a natural person, an Illinois corporation or foreign corporation authorized to do business or acquire and hold title to real estate in Illinois, a partnership authorized to do business or acquire and hold title to real estate in Illinois or other entity recognized as a person and authorized to do business or acquire title to real estate under the laws of the State of Illinois.

Date _July 9th_ , 20_15_

Signature: _____

Grantee or Agent

Subscribed and sworn to before me
By the said _SYED IMAM_
This _9_ day of _July_ , 20_15_
Notary Public _LOREN MOORE_

OFFICIAL SEAL
LOREN MOORE
Notary Public – State of Illinois
My Commission Expires October 27, 2018

7/9/15

**Note:** Any person who knowingly submits a false statement concerning the identity of a **Grantee** shall be guilty of a Class C misdemeanor for the first offense and of a Class A misdemeanor for subsequent offenses.

(Attach to deed or ABI to be recorded in Cook County, Illinois if exempt under provisions of Section 4 of the Illinois Real Estate Transfer Tax Act.)

Green Tree Servicing...
POST PETITION WORKSHEET

**Ex 5**

| Account # | [redacted] |
|---|---|
| Case # | 13-08875 |
| Filing Date | 3/6/2013 |
| Post Due Date | 4/1/2013 |
| Post Admin Claim? | No |
| Post Admin Start | |

| Payment Changes POC | Eff Date | P & I | Escrow | Total | Was PCN/POC filed? | Was the Change Higher? |
|---|---|---|---|---|---|---|
| Change #1 | 4/1/2013 | $ 1,554.82 | $ 318.20 | $ 1,873.02 | Yes | N/A |
| Change #2 | 11/1/2014 | $ 1,554.82 | $ 318.20 | $ 1,873.02 | Yes | No |
| Change #3 | 11/1/2017 | $ 1,554.82 | $ 394.14 | $ 1,948.96 | Yes | Yes |
| Change #4 | 1/1/2018 | $ 1,554.82 | $ 387.68 | $ 1,942.50 | Yes | No |
| Change #5 | | | | $ - | Yes | |
| Change #6 | | | | $ - | Yes | |
| Change #7 | | | | $ - | Yes | |
| Change #8 | | | | $ - | Yes | |
| Change #9 | | | | $ - | Yes | |
| Change #10 | | | | $ - | Yes | |
| Change #11 | | | | $ - | Yes | |
| Change #12 | | | | $ - | Yes | |
| Change #13 | | | | $ - | Yes | |
| Change #14 | | | | $ - | Yes | |
| Change #15 | | | | $ - | Yes | |

11/1/2013

| Month | P & I | Escrow | Total | Date Post Pmts. Received | Amt Received | Difference |
|---|---|---|---|---|---|---|
| Apr-13 | 1554.82 | 318.20 | 1873.02 | 11/1/2013 | 159.22 | 1713.80 |
| May-13 | 1554.82 | 318.20 | 1873.02 | 04/30/2013 | 1,925.00 | -51.98 |
| Jun-13 | 1554.82 | 318.20 | 1873.02 | 05/24/2013 | 1,135.52 | 737.50 |
| Jul-13 | 1554.82 | 318.20 | 1873.02 | 06/21/2013 | 1,530.26 | 342.76 |
| Aug-13 | 1554.82 | 318.20 | 1873.02 | 07/19/2013 | 1,530.26 | 342.76 |
| Sep-13 | 1554.82 | 318.20 | 1873.02 | 08/19/2013 | 1,530.26 | 342.76 |
| Oct-13 | 1554.82 | 318.20 | 1873.02 | 07/02/2015 | 1,763.71 | 109.31 |
| Nov-13 | 1554.82 | 318.20 | 1873.02 | 07/02/2015 | 394.14 | 1478.88 |
| Dec-13 | 1554.82 | 318.20 | 1873.02 | 07/06/2015 | 1,191.59 | 681.43 |
| Jan-14 | 1554.82 | 318.20 | 1873.02 | 07/15/2015 | 1,763.71 | 109.31 |
| Feb-14 | 1554.82 | 318.20 | 1873.02 | 07/15/2015 | 394.14 | 1478.88 |
| Mar-14 | 1554.82 | 318.20 | 1873.02 | 01/04/2016 | 2,157.85 | -284.83 |
| Apr-14 | 1554.82 | 318.20 | 1873.02 | 01/04/2016 | 2,140.82 | -267.80 |
| May-14 | 1554.82 | 318.20 | 1873.02 | 01/04/2016 | 1,926.78 | -53.76 |
| Jun-14 | 1554.82 | 318.20 | 1873.02 | 01/04/2016 | 1,926.78 | -53.76 |
| Jul-14 | 1554.82 | 318.20 | 1873.02 | 01/04/2016 | 1,926.78 | -53.76 |
| Aug-14 | 1554.82 | 318.20 | 1873.02 | 01/18/2016 | 1,926.78 | -53.76 |
| Sep-14 | 1554.82 | 318.20 | 1873.02 | 02/18/2016 | 1,926.78 | -53.76 |
| Oct-14 | 1554.82 | 318.20 | 1873.02 | 03/16/2016 | 1,928.78 | -53.76 |
| Nov-14 | 1554.82 | 318.20 | 1873.02 | 04/18/2016 | 1,926.78 | -53.76 |
| Dec-14 | 1554.82 | 318.20 | 1873.02 | 05/17/2016 | 1,926.78 | -53.76 |
| Jan-15 | 1554.82 | 318.20 | 1873.02 | 06/28/2016 | 1,926.78 | -53.76 |
| Feb-15 | 1554.82 | 318.20 | 1873.02 | 07/28/2016 | 1,926.78 | -53.76 |
| Mar-15 | 1554.82 | 318.20 | 1873.02 | 08/31/2016 | 1,926.78 | -53.76 |
| Apr-15 | 1554.82 | 318.20 | 1873.02 | 09/20/2016 | 1,926.78 | -53.76 |
| May-15 | 1554.82 | 318.20 | 1873.02 | 11/29/2016 | 1,926.78 | -53.76 |
| Jun-15 | 1554.82 | 318.20 | 1873.02 | 12/29/2016 | 1,926.78 | -53.76 |
| Jul-15 | 1554.82 | 318.20 | 1873.02 | 02/28/2017 | 1,926.78 | -53.76 |
| Aug-15 | 1554.82 | 318.20 | 1873.02 | 04/26/2017 | 1,926.78 | -53.76 |
| Sep-15 | 1554.82 | 318.20 | 1873.02 | 05/31/2017 | 1,926.78 | -53.76 |
| Oct-15 | 1554.82 | 318.20 | 1873.02 | 06/29/2017 | 1,926.78 | -53.76 |
| Nov-15 | 1554.82 | 318.20 | 1873.02 | 07/31/2017 | 1,926.78 | -53.76 |
| Dec-15 | 1554.82 | 318.20 | 1873.02 | 09/01/2017 | 1,926.78 | -53.76 |
| Jan-16 | 1554.82 | 318.20 | 1873.02 | 10/26/2016 | 1,942.50 | -69.48 |
| Feb-16 | 1554.82 | 318.20 | 1873.02 | 11/15/2018 | 1,942.50 | -89.48 |
| Mar-16 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Apr-16 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| May-16 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Jun-16 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Jul-16 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Aug-16 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Sep-16 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Oct-16 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Nov-16 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Dec-16 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Jan-17 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Feb-17 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Mar-17 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Apr-17 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| May-17 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Jun-17 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Jul-17 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Aug-17 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Sep-17 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Oct-17 | 1554.82 | 318.20 | 1873.02 | | | 1873.02 |
| Nov-17 | 1554.82 | 394.14 | 1948.96 | | | 1948.96 |
| Dec-17 | 1554.82 | 394.14 | 1948.96 | | | 1948.96 |
| Jan-18 | 1554.82 | 387.68 | 1942.50 | | | 1942.50 |
| Feb-18 | 1554.82 | 387.68 | 1942.50 | | | 1942.50 |
| Mar-18 | 1554.82 | 387.68 | 1942.50 | | | 1942.50 |
| Apr-18 | 1554.82 | 387.68 | 1942.50 | | | 1942.50 |
| May-18 | 1554.82 | 387.68 | 1942.50 | | | 1942.50 |
| Jun-18 | 1554.82 | 387.68 | 1942.50 | | | 1942.50 |
| Jul-18 | 1554.82 | 387.68 | 1942.50 | | | 1942.50 |
| Aug-18 | 1554.82 | 387.68 | 1942.50 | | 0.00 | 1942.50 |
| Sep-18 | 1554.82 | 387.68 | 1942.50 | | 0.00 | 1942.50 |
| Oct-18 | 1554.82 | 387.68 | 1942.50 | | 0.00 | 1942.50 |
| Nov-18 | 1554.82 | 387.68 | 1942.50 | | 0.00 | 1942.50 |
| | 0.00 | 0.00 | 0.00 | | 0.00 | |
| | 0.00 | 0.00 | 0.00 | | | |
| | 0.00 | 0.00 | 0.00 acct adj | | | |
| | 0.00 | 0.00 | 0.00 9/19/18 esc w/o | 3552.46 | -3552.48 |
| | 0.00 | 0.00 | 0.00 | 3558.91 | -3558.91 |
| | 0.00 | 0.00 | 0.00 12/12/2017 w/o | 11,262.10 | -11262.10 |
| | 0.00 | 0.00 | 0.00 2/28/2018 w/o | 1,967.10 | -1967.10   return to trustee   -450.00 |
| | 0.00 | 0.00 | 0.00 1/23/2018 w/o | 139.56 | -139.56   issuing ck 1308875   1242.50 |

Date Pre Pmts. Received / Arrears Pmts:

| Date Pre Pmts. Received | Arrears Pmts | Payments Due | Pymt Amts Due |
|---|---|---|---|
| 07/07/2014 | 1,554.82 | | |
| 07/29/2014 | 1,191.59 | | |
| 08/15/2014 | 1,242.82 | | |
| 08/15/2014 | 442.82 | | |
| 11/05/2014 | 1,112.20 | | |
| 10/30/2014 | 130.37 | | |
| 11/08/2014 | 788.42 | | |
| 11/08/2014 | 139.56 | | |
| 11/08/2015 | 15.00 | | |
| 11/08/2015 | 15.00 | | |
| 11/08/2014 | 15.00 | | |
| 11/08/2014 | 15.00 | | |
| 11/08/2014 | 14.00 | | |
| 11/08/2014 | 14.00 | | |
| 11/08/2014 | 14.00 | | |
| 11/08/2014 | 14.00 | | |
| 11/08/2014 | 14.00 | | |
| 11/08/2014 | 14.00 | | |
| 01/07/2015 | 2,382.47 | | |
| 03/04/2015 | 1,191.59 | | |
| 04/03/2015 | 826.36 | | |
| 04/03/2015 | 728.46 | | |
| 07/02/15 | 341.31 | | |
| 07/06/15 | 951.46 | | |
| 07/06/15 | 1,191.59 | | |
| 08/04/2015 | 1,206.79 | | |
| | 14.80 | | |
| 01/04/2016 | 349.95 | | |
| 01/04/2016 | 1,221.59 | | |
| 01/04/2016 | 1,221.59 | | |
| 02/04/2016 | 1,190.09 | | |
| 07/02/2016 | 1,782.45 | | |
| | 837.72 | | |
| 05/07/2016 | 849.58 | | |
| 05/03/2016 | 1,190.09 | | |
| 07/05/2016 | 1,190.09 | | |
| 08/03/2016 | 2,286.69 | | |
| 10/27/2016 | 3,425.15 | 10/1/2016 | 1873.02 |
| 11/05/2016 | 1,191.59 | 11/1/2016 | 1873.02 |
| 03/04/2017 | 951.42 | 12/1/2016 | 1873.02 |
| 02/05/2017 | 1,191.59 | 1/1/2017 | 1873.02 |
| 05/01/2017 | 1,791.59 | 3/1/2017 | 1873.02 |
| 05/01/2017 | 1,438.68 | 4/1/2017 | 1873.02 |
| 07/05/2017 | 1,191.59 | 5/1/2017 | 1873.02 |
| 08/04/2017 | 1,191.59 | 6/1/2017 | 1873.02 |
| 10/27/2017 | 744.40 | 7/1/2017 | 1873.02 |
| | 1,191.56 | 8/1/2017 | 1873.02 |
| 12/04/2017 | 1,188.59 | 9/1/2017 | 1873.02 |
| 11/03/2018 | 990.42 | 10/1/2017 | 1873.02 |
| 08/02/2018 | 8,359.77 | 11/1/2017 | 1948.96 |
| | | 12/1/2017 | 1948.96 |
| | | 1/1/2018 | 1942.50 |
| | | 2/1/2018 | 1942.50 |
| | | 3/1/2018 | 1942.50 |
| | | 4/1/2018 | 1942.50 |
| | | 5/1/2018 | 1942.50 |
| | | 6/1/2018 | 1942.50 |
| | | 7/1/2018 | 1942.50 |
| | | 8/1/2018 | 1942.50 |
| | | 9/1/2018 | 1942.50 |
| | | 10/1/2018 | 1942.50 |
| | | 11/1/2018 | 1942.50 |

$ 105,727.76   $ 22,553.76   $28,281.52   Amount Paid   $ 60,517.23   $ 47,764.29    $ 60,330.64   10/1/2016   $ 49,614.68

Post Petition Due Date   11/1/2016
Amount Due   $ 47,764.29
Debtor Suspense   $ 798.21   $ (47,764.29)
$ 798.21   $

| PCN Write Off | $ | | PreArrs Balance Due | -60330.64 |
|---|---|---|---|---|





## Electronic Payment Transaction History for Account: 38911756

From: 09/06/2018 - Present

This listing includes all electronic payments either processed or pending entered via our automated telephone system, this website or by a ditech agent. Any payment that was subsequently cancelled either because of company policy or customer request are not displayed.

| Status | Created | Scheduled | Bank | Account | Amount | Confirmation | Fee | By |
|--------|---------|-----------|------|---------|--------|--------------|-----|-----|
| Pending | 12/04/2018 | 12/07/2018 | ▓▓▓ | ▓▓▓ | $1,942.50 | 392002764 | $0.00 | WEB |
| Processed | 11/11/2018 | 11/15/2018 | ▓▓▓ | ▓▓▓ | $1,942.50 | 383771124 | $0.00 | WEB |
| Processed | 10/25/2018 | 10/26/2018 | ▓▓▓ | ▓▓▓ | $1,942.50 | 376365864 | $0.00 | WEB |



You've already made the move to online billing. Why not simplify even more with automatic payments and digital alerts? AutoPay makes paying on time effortless, and alerts keep you on top of any account activity. It's all free! Learn more and sign up today!

Sign up for AutoPay (/Payments/Autopay)

Sign Up for Digital Alerts (/Alerts/Settings)